UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHEILA HIRSCH MARKOWITZ,

    Plaintiff,

v.                                                              Case No. 06-C-1153

MILLER BREWING COMPANY,

    Defendant.

**ORDER CONCERNING CONFIDENTIALITY, INADVERTENT DISCLOSURE, AND PRIVILEGE**

    Based on the foregoing Stipulation, for the reasons stated on the record at the Rule 16 Scheduling Conference conducted on January 17, 2007, and for good cause shown, this Court hereby enters the following Protective Order ("Order"):

    1. This Order shall govern the handling and use of all documents and information, including confidential documents and information, produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, and all deposition testimony. This Order shall apply to the parties in this lawsuit, to all attorneys of record in this action, and to others who produce, obtain or are given access to confidential information pursuant to this Order.

    2. Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection at the party's

facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

      3. Regardless of whether information or documents are designated as confidential under this Order, any documents or information produced during the course of this litigation must not be used or disclosed by the parties or counsel for the parties or any persons identified in Subparagraph (4) for any purposes whatsoever other than preparing for and conducting this litigation.

      4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

            a) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

            b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of this litigation who are identified as such in

writing to counsel for the other parties in advance of the disclosure of the confidential information.

c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

d) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

5. Except as provided in subparagraph (4), counsel for the parties must keep all documents designated as confidential that are received under this Order secure within their exclusive possession and must place such documents in a secure area.

6. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

7. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential or highly confidential only if they are designated as such when the deposition is taken.

8. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential or highly confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this Order may also be made on the envelope.

9. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for and obtains from the Court an order providing such special protection.

10. The designation of confidentiality by a party may be challenged by the opposing party upon motion. The movant must accompany such a motion with the statement required by Civil L.R. 37.1. The party prevailing on any such motion must be entitled to recover as motion costs its actual attorneys fees and costs attributable to the motion.

11. Inadvertent disclosure of material designated "CONFIDENTIAL" to an opposing party without identifying the same as "CONFIDENTIAL" and/or of attorney-client privileged and/or work-product material shall not be deemed a waiver of confidentiality, privilege or work product with regard to the material inadvertently disclosed, nor shall it be deemed a waiver of confidentiality, privilege and/or work product with regard to similar material. Any such material inadvertently disclosed shall be returned to the disclosing party promptly upon receipt by the receiving party of notice of the inadvertent disclosure, and the receiving party shall keep no copies or reproductions, and shall make no use whatsoever of the material inadvertently disclosed.

12. At the conclusion of the litigation, all material designated as confidential under this Order and not received in evidence at trial must be returned to the originating party. If the parties so stipulate, the material may be destroyed.

13. Any party may apply to the Court, on reasonable notice to all counsel of record, for relief from or modification of any provision of this Order.

**SO ORDERED** this 17th day of January 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge